{¶ 26} I must respectfully dissent from the decision the majority reached in this case. Specifically, upon my review of the record, I would find that the trial court erred when it overruled Tripp's motion for acquittal under Crim.R. 29.
 {¶ 27} As noted in the majority opinion, Village of Bloomville Ordinance Section 521.08(c) provides, in pertinent part: "No person shall cause or allow litter to be collected or remain in any place to the damage or prejudice of others or of the public * * *." Accordingly, Village of Bloomville Ordinance Section 521.08(c) contains three main elements: (1) no person (2) shall cause or allow litter to be collected or remain in any place (3) to the damage or prejudice of others or of the public. In addition, Village of Bloomville Ordinance Section 521.08(b) defines "litter" as "garbage, trash, waste, rubbish, ashes, cans, bottles, *Page 13 
wire, paper, cartons, boxes, automobile parts, furniture, glass or anything else of an unsightly or unsanitary nature."
 {¶ 28} First, I am concerned about the majority's use of the word "property" in paragraph 12, wherein they provide "that the ownership or control of the property is not an element of the offense", because the majority's use of "property" does not clarify whether "property" is the piece of real estate, tract of land, or "any place" where the litter has collected or remained, or the actual "litter", which has collected or remained.
 {¶ 29} I would propose that the proper determination under the second prong of Village of Bloomville Ordinance Section 521.08(c) requires a finding of ownership or control of either the place where the litter has collected or remained or the actual "litter", which has collected or remained. This is important, because a person can be in violation of the Ordinance in two different ways: (1) a person violates the Ordinance, if he causes his litter to be collected or remain at any place to the damage or prejudice of others or of the public, regardless of whether he actually owns the "place" where the litter has accumulated; or (2) a person violates the Ordinance, if he owns or has a duty to care for the "place" and allows his or someone else's litter to collect or remain at this place to the damage or prejudice of others or of the public. *Page 14 
 {¶ 30} Accordingly, I would find that ownership or control of the place in question is an essential element of the offense when attempting to prove that a person "allowed litter to be collected or remain" there. Also, I would find that ownership or control of the litter is an essential element of the offense when attempting to prove that a person "caused litter to be collected or remain" at the place in question. The majority's use of the word "property" does not provide for this important distinction, and one way or the other, ownership or control is a necessary element of the offense.
 {¶ 31} Applying this interpretation to the case sub judice, I agree with Tripp's assertion that the State failed to provide any evidence that she caused or allowed the litter to collect or remain at 14 West New Haven Street. The State failed to provide any evidence indicating that Tripp owned or controlled the litter that collected or remained at 14 West New Haven Street. Therefore, in order for Tripp to be in violation of the Ordinance, the State needed to show that Tripp owned or controlled 14 West New Haven Street. And, upon my review of the record, I would find that the State failed to provide any evidence on this issue.
 {¶ 32} I recognize that Mayor Jacoby testified that on February 22, 2006, she sent a certified letter to Tripp and that Officer Hill testified that on March 23, 2006, he personally served Tripp with a copy of the Citation at 14 West New Haven Street; however, there is no evidence in the record that Tripp was the owner *Page 15 
or had any control over 14 West New Haven Street. Also, while receiving mail and answering the door at the residence indicate that Tripp can be found at 14 West New Haven Street, those items alone cannot establish that she has any ownership or control of the real property, or the ability to allow or prevent litter to collect or remain there.
 {¶ 33} It also appears that the majority relies on Tripp's response to the State's request for discovery, which provided a list of potential witnesses, including two sons and a daughter who resided at "14 New Haven St[reet]". However, Tripp never called any witness to testify on her behalf, so information provided in Tripp's response would not have been before the trier of fact. Accordingly, I believe that the majority's reliance on Tripp's response is misplaced. Furthermore, any of those witnesses could have acknowledged ownership or control of the real property, or the litter, or both and any assumption to the contrary by the majority is simply untenable.
 {¶ 34} In addition, I agree with Tripp's assertion that the State failed to provide any evidence that the alleged accumulation of litter caused damage or prejudice to others or the public. While I agree that the accumulation of "litter", as defined in the Ordinance, could cause damage or prejudice of others or of the public, there is no evidence in the record that the alleged accumulation of "litter", which would have been present at 14 West New Haven Street on March 21, 2006, *Page 16 
actually caused such damage or prejudice. Accordingly, I disagree with the majority's conclusion in paragraph 16 that the evidence in the record "provide[d] sufficient self-evident proof to establish that `damage or prejudice to the public' has occurred." It appears that the majority is simply offended by the appearance of the property. However, that is not the same as proof beyond a reasonable doubt of "damage or prejudice to others or of the public."
 {¶ 35} Further, I am concerned about the prosecutor's statements during closing argument and the trial judge's statements when announcing his decision. In closing argument, the prosecutor said "She was certainly the person, apparent authority of the residence. She's the person who answered the door. Uhm, certainly, there was no complaint made that she was not — not the property owner. There's been past dealings with this particular property with trash and litter. Uhm, we believe we've — we've met our burden beyond a reasonable doubt." (Tr. p. 29).
 {¶ 36} For the reasons stated above, the prosection's allegation of Tripp's authority, apparent or otherwise, was not proven in this case, and certainly the defendant never has the duty to disprove allegations made by the prosecution. It is the prosecution's duty to prove the allegations beyond a reasonable doubt, and the defendant's constitutional right to require such proof. *Page 17 
 {¶ 37} I am also concerned with the trial court's statement, on the record, that "having dealt with Ms. Tripp in this court before on thesame allegation * * *, the Court does find that based upon the allegations the, testimony that we've had here today, based again by Mayor Jacoby and by Mr. Artino, that there has been a showing * * * beyond a reasonable doubt that Ms. Tripp did allow this accumulation to * * * exist at 14 East — or West New Haven Street, Bloomville, Seneca County, Ohio * * *." (Tr. p. 29) (emphasis added). While I recognize that certain defendants will be before a trial court judge many times for many different reasons, it is important to remember that each and every case needs to be proven, beyond a reasonable doubt, based solely on the evidence that is presented before the court in that specific case and not on evidence that is previously known by the trier of fact.
 {¶ 38} Accordingly, after viewing the evidence in a light most favorable to the prosecution, I would find that no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt and that the trial court erred in denying Tripp's motion for acquittal under Crim.R. 29. This finding would render Tripp's second assignment of error moot, and I would decline to address it. App.R. 12(A)(1)(c). However, I think it appropriate to point out that this was not a situation where bias or prejudice was anticipated prior to trial. The error alleged is one demonstrated by the comments of the prosecution and court at *Page 18 
the conclusion of the case, and I think is more appropriately addressed in the Appellant's first assignment of error on sufficiency of the evidence or as a denial of due process. *Page 1